[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Debra Cormier, and the defendant were intermarried on May 5, 1978, in Van Buren, Maine. The plaintiff has resided continuously in the State of Connecticut for at least one year prior to the filing of this action.
Four children were born to the wife during the course of the marriage; said children being minors and lawful issue, to wit: Craig R. Poitras born October 30, 1978; Tanya L. Poitras born July 26, 1981; Kevin R. Poitras born March 13, 1984; and Brian K. Poitras born March 3, 1986.
The court further finds that the marriage has broken down irretrievably and there is no hope for reconciliation and accordingly, a decree of dissolution is hereby entered.
Having reviewed the evidence and the sworn financial affidavits of each party in the context of the required CT Page 8502 considerations set forth in Title 46b, Chapter 805j; of the Connecticut General Statutes, the following orders shall apply:
1. The plaintiff and defendant shall have joint legal custody of the minor children and shall jointly make all major decisions regarding the children's health, education and welfare. However, the physical residence of the minor child Craig shall be with the defendant father. The minor children Tanya, Kevin and Brian shall reside physically with the plaintiff mother. Counseling for Brian shall continue. Each parent shall have reasonable visitation in accordance with a mutually agreed upon schedule.
2. The defendant shall pay $85.00 per week as support for the children Tanya, Kevin and Brian, $35.00 for Tanya with the remainder divided equally between Kevin and Brian.
3. The defendant shall pay $1.00 per year alimony to the plaintiff, modifiable only if plaintiff is unable to obtain employment because of her medical ophthalmological condition.
4. The plaintiff wife shall retain ownership and possession of the 1984 Plymouth Voyager. The defendant will execute any documents necessary to transfer his interest in said vehicle to the plaintiff.
5. The plaintiff wife shall retain ownership and possession of the 1985 Dodge Van. The defendant will execute any documents necessary to transfer his interest in said vehicle to the plaintiff.
6. The defendant shall quit claim to the plaintiff his interest in real property located in New Brunswick, Canada, consisting of two lots and defendant shall prepare all necessary documents to do so.
7. The plaintiff shall retain all household furnishings, furniture, appliances and personal items with the exception of defendant's items of clothing.
8. Each party shall be responsible for his or her own attorney's fees.
9. The defendant shall assume responsibility for all CT Page 8503 unpaid medical bills for treatment provided to the plaintiff wife and the four minor children, which bills are for treatment occurring prior to the date of the dissolution of marriage.
10. The defendant shall indemnify and hold harmless the plaintiff for any municipal taxes due and owing on the 1984 Plymouth Voyager motor vehicle, as of the date of dissolution of marriage.
11. The defendant shall indemnify and hold harmless the plaintiff for any deficiency judgment resulting from the foreclosure of the former marital property known as 19 Wescott Road, Simsbury, CT.
12. The defendant shall provide medical/dental insurance for the minor children as it becomes available through his employment. All unreimbursed medical/dental expenses shall be shared equally (50/50) between the parties.
13. The defendant shall be responsible for any remaining debts/liabilities in Canada, including any Canadian income tax and Family Allowance reimbursement due and owing at the date of dissolution of marriage.
14. There is an arrearage due to the State of Connecticut in the amount of $5,452.00 as of September 27, 1993 in accordance with an order of the Court entered on March 3, 1993 directing defendant to pay $188.00 per week for child support. Defendant shall pay said sum directly to the State of Connecticut at a rate of $5.00 per week. A contingent wage execution is ordered to secure the payment of said arrearage.
Santos, J.